JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Gerard Iammarino, appeals the decision of the Cuyahoga County Court of Common Pleas, Civil Division, which denied his motion for prejudgment interest without explanation. For the following reasons, we find the appellant's appeal to be without merit.
 {¶ 2} The instant matter stems from a motor vehicle accident which occurred on November 19, 1996. While traveling southbound on Gates Mills Towers Boulevard, Iammarino's vehicle was struck by Gwenn Maguire's vehicle as she attempted to make a left-hand turn in front of him. The violence of the collision caused $9,300 in property damage to Iammarino's vehicle. Additionally, as a result of the accident, Iammarino was caused to suffer aggravation of an underlying arthritic condition and a bulging disc in his lumbar spine, which caused severe leg pain. The extent of his injuries necessitated over five years of medical attention, which resulted in $66,000 in medical expenses and over $56,000 in lost wages.
 {¶ 3} During the course of litigation, settlement discussions occurred between Iammarino and Allstate Insurance Company, Maguire's insurance company, and between Iammarino's uninsured/underinsured motorist carrier, Farmers Insurance Company.[1] Originally, Iammarino demanded the policy limits from Allstate, which would have enabled him to access his uninsured/underinsured coverage with Farmers; however, Allstate refused to tender the limits of the policy of insurance. As a result, Iammarino lowered his demand from the policy limits and requested a settlement amount of $20,000, but Allstate still refused to raise its offer.[2]
 {¶ 4} Thereafter, the matter proceeded to trial, and at the conclusion, a jury returned a unanimous verdict in favor of Iammarino in the amount of $147,057.14. At the conclusion of trial, Iammarino filed a motion for prejudgment interest, which was denied by the court. It is from this denial of prejudgment interest that Iammarino now appeals.
 {¶ 5} The appellant presents one assignment of error for this court's review. His first assignment of error states:
 {¶ 6} "I. The Trial Court Erred In Overruling Plaintiff-Appellant's Motion For Prejudgment Interest Without Explanation."
 {¶ 7} Prejudgment interest is authorized pursuant to R.C.1343.03 which states in pertinent part:
 {¶ 8} "(c) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 9} The seminal decision setting forth the guidelines for Ohio courts determining the question of prejudgment interest is Kalain v.Smith (1986), 25 Ohio St.3d 157, at the syllabus, where the court held:
 {¶ 10} "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(c) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party."
 {¶ 11} If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer. The Kalain court also noted that the statute requires all parties to make an honest effort to settle a case. A party may have "failed to make a good faith effort to settle" even when he has not acted in bad faith. The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court. Id. citing to Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83. The party seeking prejudgment interest bears the burden of demonstrating that the other party failed to make a good faith effort to settle the case.Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 659.
 {¶ 12} Likewise, this court has held that an allegation that the trial court abused its discretion in awarding prejudgment interest is tantamount to alleging that the trial court acted unreasonably, arbitrarily, or unconscionably. Algood v. Smith (April 20, 2000), Cuyahoga App. Nos. 76121, 76122. Such judgments, which rely so heavily on findings of fact, will not be disturbed on appeal as being unreasonable or arbitrary if supported by some competent, credible evidence. Id.
 {¶ 13} In determining whether these efforts were reasonable, the trial court is not limited to the evidence presented at the prejudgment interest hearing. The court may also review the evidence presented at trial, as well as its prior rulings and jury instructions, especially when considering such factors as the type of case, the injuries involved, applicable law, and the available defenses. Otherwise, "the hearing required under R.C. 1343.03(c) may amount to nothing less than a retrial of the entire case." Galmish v. Cicchini, 90 Ohio St.3d 22, citing to Moskovitz, supra, at 661.
 {¶ 14} Finally, when considering a trial court's decision on a motion for prejudgment interest, this court's duty is to determine whether the trial court abused its discretion. Kalain, supra. If there is evidence in the record which supports the trial court's decision, it should be affirmed. Bisler v. Del Vecchio (July 1, 1999), Cuyahoga App. No. 74300.
 {¶ 15} In reviewing the facts and record of the instant matter, we cannot conclude that the trial court abused its discretion in denying the appellant's motion for prejudgment interest. Pursuant to R.C. 1343.03(C), a party has not "failed to make a good faith effort to settle" if he has fully cooperated in discovery proceedings, rationally evaluated his risks and potential liability, has not attempted to unnecessarily delay any proceedings, and has made a good faith monetary settlement offer or respond in good faith to an offer from the other party.
 {¶ 16} Here, there is no allegation that the appellee failed to cooperate in discovery, that the appellee attempted to delay proceedings, that the appellee failed to evaluate the risks and potential liability, or that the appellee failed to make a good faith monetary settlement. We recognize the fact that the appellant submitted evidence which indicated substantial medical expenses and lost wages associated with the accident, but this alone is not sufficient evidence which would lend this court to believe that the appellee failed to make a good faith effort to settle or that the trial court abused its discretion in reaching its conclusion. Rather, the record indicates that the appellee did indeed make a concerted effort to settle, but not to the appellant's satisfaction. Further, as stated, if a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer. Kalain, supra. In reviewing the record, it was the appellee's position that the accident merely aggravated a pre-existing and degenerative condition of the appellant's; therefore, the appellee's belief that its liability was minimal was a reasonable belief.
 {¶ 17} In accordance with the above, we cannot conclude that the trial court abused its discretion in denying the appellant's motion for prejudgment interest. As noted, determination concerning prejudgment interest relies heavily on findings of fact, and those findings will not be disturbed on appeal as being unreasonable or arbitrary if supported by some competent, credible evidence. Algood v. Smith, supra. Here, the trial court's decision was supported by some competent, credible evidence; therefore, we decline to endorse the appellant's position, and the determination of the trial court is hereby affirmed.
ANNE L. KILBANE, P.J., AND DIANE KARPINSKI, J., CONCUR.
[1] The appellee carried a $50,000 liability policy with Allstate, and the appellant carried a $100,000 uninsured/underinsured policy with Farmers.
[2] In response to the appellant's demand of $20,000, Allstate offered $10,000, while Farmers offered $5,000, although Farmers was not obligated to pay any amount until the liability policy had been exhausted.